UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA S. MAXWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC S. HOLDER, JR., et al.,<br><br>    Defendants. | No.  2:14-cv-02772-TLN-AC<br><br>FINDINGS & RECOMMENDATIONS |

On May 6, 2015, the court held a hearing on defendants' motion to dismiss and plaintiff's motion for summary judgment. Plaintiff Valentina S. Maxwell appeared in pro per and Audrey B. Hemesath appeared for defendants. On review of the motions, the documents filed in support and opposition, hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL HISTORY

Plaintiff was admitted to the United States on September 9, 2009, on a student visa. ECF No. 19-1 at 3. Shortly after her arrival in California, plaintiff was told by her family in Russia that her previous marriage had been declared void. ECF No. 22 at 3. Having learned that her marriage was no longer valid, she married Ryan Maxwell, a U.S. citizen, on November 21, 2009. Id. Her status was adjusted to conditional legal permanent resident on October 12, 2010. No. 19-1 at 3. Plaintiff applied for naturalization in July 2013. ECF No. 19 at 3; ECF No. 1 at 2.

1

On October 18, 2013, plaintiff was interviewed for and ultimately passed her naturalization test. ECF No. 1 at 2. Plaintiff was scheduled to attend her U.S. Citizenship Oath Ceremony on November 26, 2013, but two days prior she received a call informing her that her ceremony had been canceled. Id. It seems that U.S. Citizenship and Immigration Services ("USCIS") suspected that her current marriage was invalid because she was already married, making her ineligible for naturalization. See id. at 2–3.

On November 27, 2013, plaintiff received a Request for Evidence ("RFE"), id., which is an administrative document USCIS issues when the existing record does not establish the applicant's entitlement to naturalization, ECF No. 19 at 3. Plaintiff responded to USCIS's letter on November 30, 2013. ECF No. 1 at 2. On March 20, 2014, two USCIS officers visited plaintiff at home to search the residence and ask her questions regarding her application and background. Id. In May 2014, plaintiff submitted additional documentation in support of her application, including a Russian court decision invalidating her marriage to her former husband. Id.

Over a year later, USCIS had yet to decide on plaintiff's naturalization application. Id. Accordingly, on November 25, 2014, plaintiff filed her complaint in this court. ECF No. 1. The complaint seeks judicial review of plaintiff's naturalization application pursuant to 8 U.S.C. § 1447(b), which permits district court jurisdiction where USCIS fails to act on an application within 120 days of the interview. ECF No. 1 at 1. On December 3, 2014, the court granted plaintiff's request to proceed in forma pauperis. ECF No. 3. On December 18, 2014, USCIS referred plaintiff into removal proceedings. ECF No. 19 at 3.

On March 2, 2015, defendants filed a motion to dismiss for lack of jurisdiction. ECF No. 19. Relying on 8 U.S.C. § 1429, defendants argue that the pendency of removal proceedings bars action on plaintiff's naturalization application and thus renders this matter moot. Id. At 4. Defendants also argue, in the alternative, that plaintiff has failed to state a claim under Rule 12(b)(6) because she cannot allege facts showing she is entitled to relief in light of § 1429. Id.

///

///

On March 15, 2015, plaintiff filed a self-styled motion for summary judgment that responds to defendants' motion to dismiss.[1] ECF No. 22. Plaintiff's motion argues that there are no disputed issues of material fact in this matter, as she has already established that she is entitled to naturalization by submitting proof that her previous marriage was invalidated by the Russian courts. ECF No. 22 at 3–4. Plaintiff also argues that this court has exclusive jurisdiction over her application and accordingly, USCIS's efforts to refer her to removal proceedings on December 18, 2014, were improper. Id. Because plaintiff's motion both argues she is entitled to summary judgment and responds to defendants' motion to dismiss, the court construes it as a motion for summary judgment and opposition.

On March 19, 2015, defendants filed a reply to plaintiff's motion for summary judgment and opposition, arguing that plaintiff misunderstands the governing statutory scheme. ECF No. 25. On March 25, 2015, plaintiff filed a reply to defendants' opposition. ECF No. 26. On April 13, 2015, plaintiff filed a self-styled response, requesting that the court not grant any more requests by defendants to continue this matter. ECF No. 30.

LEGAL STANDARDS

The court must dismiss an action if it determines that it lacks subject matter jurisdiction. Rule 12(b)(1), Federal Rules of Civil Procedure, provides that a party may assert the defense of a lack of subject matter jurisdiction by motion. Where a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion ." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting Tosco Corp. v. Comtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001)).

---

[1] Plaintiff's motion also requests that the court take judicial notice of a number of documents attached to her motion as exhibits. ECF No. 22 at 2 (listing twelve documents attached as exhibits), 12–13 (describing the exhibits in detail). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The court finds after reviewing plaintiff's list of exhibits that they are not relevant to its analysis of defendants' motion to dismiss. Accordingly, the court will deny plaintiff's request for judicial notice.

3

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

For the reasons explained below, the undersigned rejects defendants' contentions that this court has been divested of jurisdiction and that the case is moot. However, the statutory scheme governing naturalization and removal proceedings clearly precludes this court from granting the relief requested by the complaint. Accordingly, the complaint should be dismissed for failing to state a claim entitling plaintiff to relief.

I.  Statutory Framework

As amended in 1990, the Immigration and Naturalization Act vests all authority to naturalize in the Attorney General. 8 U.S.C. § 1421(a); Bellajaro v. Schiltgen, 378 F.3d 1042,

1045 (9th Cir. 2004). When an immigrant applies for citizenship, an employee of the United States Citizenship and Immigration Services ("USCIS") conducts an investigation, examines the applicant, and makes a determination whether the application should be granted or denied. 8 U.S.C. § 1446. If the application is denied, the applicant may request a hearing before an immigration officer. § 1447(a).

> The statute also provides for judicial review of denials of naturalization:
>
>> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

The district courts have jurisdiction over naturalization applications in one other limited situation. When USCIS fails to render a decision on an application within 120 days of the examination required by § 1446,

> the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

With limited exceptions not relevant here, removal proceedings come within the exclusive jurisdiction of the Attorney General. 8 U.S.C. § 1252(g); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999).[2] A finding of removability defeats an application for naturalization, and the pendency of removal proceedings prevents consideration of an application for naturalization. 8 U.S.C. § 1429. Section 1429 provides in pertinent part:

///

---

[2] The district courts may entertain actions to enforce constitutional rights in the deportation process, but may not generally review the merits of removal proceedings. Franco-Gonzales v. Holder, 767 F. Supp. 2d 1034, 1049 (C.D. Cal. 2010) (citing Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998)).

5

> Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully. . . [N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act: Provided, That the findings of the Attorney General in terminating removal proceedings or in canceling the removal of an alien pursuant to the provisions of this Act, shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization as required by this title.

"The natural reading of this statute is that removal proceedings and final removal orders are to take precedence over naturalization applications." Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 970 (9th Cir. 2003). Accordingly, the pendency of a naturalization application does not defeat removability or prevent removal proceedings. Id. (". . .§1429 allows the removal of individuals with pending naturalization applications. . ."). Absent certain circumstances supporting termination of the removal proceedings by the immigration judge, "the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization. . ." 8 C.F.R. § 1239.2(f); see Hernandez de Anderson v. Gonzales, 497 F.3d 927, 933 (9th Cir. 2007).

II.     Subject Matter Jurisdiction

The government contends that "[t]he bar of § 1429 defeats jurisdiction under § 1447(b)." ECF No. 19 at 4. The Ninth Circuit, however, has expressly rejected the theory that § 1429 divests the district courts of jurisdiction over naturalization matters where otherwise provided by statute. Bellajaro v. Schiltgen, 378 F.3d at 1046 (agreeing with Sixth Circuit that pendency of removal proceedings does not strip district court of jurisdiction, but limits its ability to provide relief). Bellajaro involved judicial review under § 1421(c), but there is no reason the result should not be the same where the district court's jurisdiction arises under § 1447(b). See Meraz v. Comfort, No. 05 C 1094, 2006 WL 861859, at *4 (N.D. Ill. Mar. 9, 2006) (collecting cases).

As the Ninth Circuit held in Bellajaro, § 1429 limits the scope of judicial review and the remedies the district court is authorized to provide. It does not, however, divest this court of jurisdiction where removal proceedings are pending. Accordingly, the motion to dismiss should not be granted on jurisdictional grounds.

### III. Mootness

The government argues next that because § 1429 prevents consideration of plaintiff's naturalization application during the pendency of removal proceedings, the case is moot. Mootness is a justiciability doctrine that applies where changed circumstances undermine the plaintiff's standing. United States Parole Commn. v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Henry Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). Generally, a claim is moot when changes in circumstances forestall any chance of meaningful relief. Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005).

The undersigned is unpersuaded that mootness doctrine provides the appropriate framework for analyzing the matter at bar. The pending removal proceedings currently prevent plaintiff from obtaining naturalization, but they do not necessary mean that she will be adjudicated removable and thus ineligible for naturalization. While removal (or a removability finding) would undoubtedly moot this case by rendering plaintiff ineligible for naturalization, relief under § 1447(b) will be available if removal proceedings are resolved in plaintiff's favor. The Article III "case and controversy" presented by the complaint arises from USCIS's failure to adjudicate plaintiff's naturalization application – a circumstance that has not changed.

Accordingly, the problem plaintiff faces is not that her claim is moot but that this court may not grant relief so long as the removal proceedings remain pending. See Klene v. Napolitano, 697 F.3d 666, 668 (7th Cir. 2012) (finding that an ongoing case or controversy exited between a naturalization applicant and USCIS despite the pendency of removal proceedings). As counsel for the government pointed out at the hearing on the motion, this is a process which can take years. The court therefore turns to the question whether the complaint presents a claim on which relief can be granted.

///

## IV. Failure to State A Claim

Because plaintiff is currently facing removal proceedings, the Attorney General may not further consider or act upon her naturalization application. 8 U.S.C. § 1429. Accordingly, this court cannot remand with instructions to grant the application, or with instructions to promptly act upon the application. These are the only forms of relief that this court would be authorized to provide absent application of § 1429. See § 1447(b). In the analogous context of judicial review under § 1421(c), district courts have concluded that the pendency of removal proceedings precludes relief and supports dismissal for failure to state claim. See Omo v. Barrett, No. 11-04975, 2012 U.S. Dist. LEXIS 20921 (N.D. Cal. 2012) (Breyer, J.); Fayard v. Napolitano, No. 10-1109, 2011 U.S. Dist. LEXIS 43738 (S.D. Cal. 2011) (Benitez, J.); Chen v. Holder, No. 10-00291, 2010 U.S. Dist. LEXIS 72418 (N.D. Cal. 2010) (Fogel, J.); Aye Aye Kyi v. Chertoff, No. 08-03383, 2008 U.S. Dist. LEXIS 98574 (N.D. Cal. 2008) (White, J.). The same result is appropriate here.

Plaintiff argues that the removal proceedings may not stand in the way of her lawsuit because removal was wrongfully initiated. Plaintiff contends that the filing of her complaint under § 1447(b) vested exclusive jurisdiction over her immigration status in this court, depriving USCIS of authority to pursue removal. In support of this proposition, plaintiff cites United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004) (en banc), which holds *inter alia* that federal courts have exclusive jurisdiction over naturalization applications once a judicial determination is sought under § 1447(b). In Hovsepian, the Ninth Circuit rejected USCIS's contention that it retained concurrent jurisdiction and could consider and decide naturalization applications even after a petition for review had been filed. Id. at 1159–61. That holding does not affect the authority of the Attorney General to initiate removal proceedings, which are distinct from naturalization applications. While it is true that USCIS lost jurisdiction over plaintiff's naturalization application when she filed her complaint in this court, its independent authority to initiate removal was unaffected.

Hovsepian also presented a claim by the government that the district court had erred under § 1429 by considering a § 1447(b) naturalization claim during the pendency of removal

8

1 proceedings.  The Court of Appeals held that the district court was not precluded from
2 adjudicating the naturalization issue, but that ruling was based on the fact that no removal
3 proceedings were "pending" in that case because immigration authorities had not formally
4 commenced such proceedings with the filing of a Notice to Appear.  Id. at 1165.  The Court of
5 Appeals did *not* hold that USCIS lacks authority to initiate removal proceedings where the district
6 court has jurisdiction over a § 1447(b) claim.  See id.  Here, in contrast to Hovsepian, USCIS did
7 file a Notice to Appear.  ECF No. 19-1.  Accordingly, removal proceedings were formally
8 commenced against plaintiff and § 1429 applies.

9 The pendency of removal proceedings prevents naturalization, not the other way around.
10 See Perdomo-Padilla, 333 F.3d at 970.  Because removal proceedings are pending against
11 plaintiff, this court may not grant any relief.  Because no relief may be granted, dismissal is
12 appropriate.  Dismissal should be without prejudice to refiling if and when removal proceedings
13 conclude in plaintiff's favor.

## CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 19, be GRANTED and plaintiff's complaint be dismissed without prejudice; and

2. Plaintiff's motion for summary judgment and request for judicial notice, ECF No. 22, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E.D. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the

///

District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 15, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE