UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA S. MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>ERIC S. HOLDER, JR., et al.,<br><br>Defendants. | No.  2:14-cv-02772-TLN-AC<br><br><br><br>FINDINGS & RECOMMENDATIONS |

This matter is before the undersigned pursuant to Local Rule 302(c)(21).  The undersigned has previously recommended that the complaint be dismissed for failure to state a claim.  ECF No. 32.  The presiding district judge has not yet ruled on those Findings and Recommendations. On June 23, 2015, plaintiff filed a motion for a preliminary injunction improperly noticed before the district judge, who subsequently instructed plaintiff to notice it in front of the undersigned. ECF Nos. 40, 41.  Plaintiff then filed a first amended motion for a preliminary injunction noticed before the undersigned on June 26, 2015.[1]  ECF No. 42.  In violation of Local Rule 230, plaintiff's motion does not schedule a hearing date.  See Local Rule 231(d).  Instead, plaintiff seems to be requesting a hearing date at the soonest possible opportunity through the filing of a motion for an order shortening time.

---

[1] Plaintiff's first amended motion for preliminary injunction incorporates her original motion by reference, ECF No. 42 at 1, and requests an order shortening time, id. at 1–3.

1

"A preliminary injunction is an 'extraordinary and drastic remedy' . . . never awarded as of right." Munaf v. Geren, 553 U.S. 674, 690 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Assn, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). Plaintiff's motion requests that the court enjoin the U.S Citizenship and Immigration Service ("USCIS") from further consideration of her pending removal proceedings. ECF No. 40 at 1–2. Plaintiff bases her motion on the assertion that this court has exclusive jurisdiction over her naturalization application pursuant to 8 U.S.C. §1447 and United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). Id.

The court finds that plaintiff has not established an entitlement to a preliminary injunction because she is not likely to prevail on the merits. Plaintiff's argument that this court has exclusive jurisdiction over her naturalization application is one that she made in her opposition to defendants' motion to dismiss. ECF No. 22. As the court explained in its May 15, 2015, findings and recommendations recommending that defendants' motion be granted, removal and naturalization proceedings are **not** the same thing. ECF No. 32. Just because a person can establish their entitlement to avoid removal, for example, does not mean that person is entitled to naturalization. Moreover, just because a district court has exclusive jurisdiction over **naturalization proceedings** once a valid claim is filed pursuant to 8 U.S.C. §1447(b), does not mean that the court has any jurisdiction over **removal proceedings**.

In general, removal proceedings come within the exclusive jurisdiction of the Attorney General. 8 U.S.C. § 1252(g); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999). A finding of removability defeats an application for naturalization, and the pendency of removal proceedings prevents consideration of an application for naturalization. 8 U.S.C. § 1429. Accordingly, the pendency of a naturalization application does not defeat removability or prevent removal proceedings. Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 970 (9th Cir. 2003). Contrary to plaintiff's assertions, Hovsepian does not hold otherwise. Hovsepian holds that

1 federal courts have exclusive jurisdiction over naturalization applications once a judicial
2 determination is sought under § 1447(b).  359 F.3d at 1159–61.  That holding does not affect the
3 authority of the Attorney General to initiate removal proceedings, which are distinct from
4 naturalization applications.  Accordingly, the court finds that plaintiff has not made a showing
5 that justifies the granting of a preliminary injunction because she cannot prevail on her
6 jurisdictional claim.

7     IT IS HEREBY RECOMMENDED that plaintiff's first amended motion for preliminary
8 injunction, ECF No. 42, be DENIED.

9     These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.
13 Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's
14 Findings and Recommendations."  Any response to the objections shall be filed with the court
15 and served on all parties within fourteen days after service of the objections.  E.D. Local Rule
16 304(d).  Failure to file objections within the specified time may waive the right to appeal the
17 District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,
18 951 F.2d 1153, 1156-57 (9th Cir. 1991).

19 DATED:  July 16, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE