UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA S. MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Defendants. | No. 2:14-cv-02772 TLN AC (PS)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

The Government's motion for remand, ECF No. 59, was heard on the court's regular law and motion calendar on November 14, 2018.[1] Audrey Hemesath appeared for the Secretary, and plaintiff Valentina Maxwell appeared on her own behalf. ECF No. 66. The hearing also addressed plaintiff's outstanding motions for summary judgment (ECF No. 22) and for a permanent injunction (ECF No. 42). For the reasons explained below, the undersigned recommends that all three motions be denied.

////

////

////

---

[1] Because plaintiff is proceeding pro se, the action has been referred to the undersigned for pre-trial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

A. <u>Background to the Complaint</u>

Plaintiff was admitted to the United States on September 9, 2009, on a student visa. ECF No. 19-1 at 3. Plaintiff alleges that shortly after her arrival in California, she was told by her family in Russia that her previous marriage had been declared void. <u>See</u> ECF No. 22 at 3. Having learned that her marriage was no longer valid, she married Ryan Maxwell, a U.S. citizen, on November 21, 2009. <u>Id.</u> Her status was adjusted to conditional legal permanent resident on October 12, 2010. ECF No. 19-1 at 3. Plaintiff applied for naturalization in July 2013. ECF No. 19 at 3; ECF No. 1 at 2. On October 18, 2013, plaintiff was interviewed for and ultimately passed her naturalization test. ECF No. 1 at 2. Plaintiff was scheduled to attend her U.S. Citizenship Oath Ceremony on November 26, 2013, but two days prior she received a call informing her that her ceremony had been canceled. <u>Id.</u> It seems that U.S. Citizenship and Immigration Services ("USCIS") suspected that her current marriage was invalid because she was already married, making her ineligible for naturalization. <u>See</u> <u>id.</u>

On November 27, 2013, plaintiff received a Request for Evidence ("RFE"), <u>id.</u>, which is an administrative document USCIS issues when the existing record does not establish the applicant's entitlement to naturalization. ECF No. 19 at 3. Plaintiff responded to USCIS's letter on November 30, 2013. ECF No. 1 at 2. On March 20, 2014, two USCIS officers visited plaintiff at home to search the residence and ask her questions regarding her application and background. <u>Id.</u> In May 2014, plaintiff submitted additional documentation in support of her application, including a Russian court decision invalidating her marriage to her former husband. <u>Id.</u>; <u>see also</u> ECF No. 22 at 3-4.

Over a year later, USCIS had yet to decide plaintiff's naturalization application. <u>Id.</u> Accordingly, on November 25, 2014, plaintiff filed her complaint in this court. ECF No. 1. The complaint seeks judicial review of plaintiff's naturalization application pursuant to 8 U.S.C. § 1447(b), which permits district court jurisdiction where USCIS fails to act on an application within 120 days of the interview. ECF No. 1 at 1.

////

B. Initial Proceedings in This Court and Ensuing Appeal

On March 2, 2015, defendants filed a motion to dismiss. ECF No. 19. Defendants informed the court that USCIS had referred plaintiff into removal proceedings on December 18, 2014, and argued that 8 U.S.C. § 1429 bars action on plaintiff's naturalization application during the pendency of removal proceedings. ECF No. 19 at 3-4 and Exhibit A. The undersigned agreed, and recommended dismissal of the case. ECF No. 32. District Judge Troy L. Nunley adopted the Findings and Recommendations, and ordered dismissal of the action on July 21, 2015. ECF No. 44.

Plaintiff appealed. ECF No. 46. On June 15, 2018, the U.S. Court of Appeals for the Ninth Circuit reversed and remanded, holding that "the district court erred in dismissing Maxwell's complaint for failure to state a claim, where the language of 8 U.S.C. § 1429 only bars the Attorney General, and not the district court, from considering a naturalization application when there is a removal proceeding pending against the applicant, and where Maxwell was not in removal proceedings pursuant to a 'warrant of arrest,' but pursuant to a notice to appear." ECF No. 50 at 2. The Court of Appeals relied on its construction of the pertinent statutes in Yith v. Nielsen, 881 F.3d 1155 (9th Cir. 2018), which was decided after this court had dismissed plaintiff's complaint. Id.

C. Further Actions By USCIS

Between plaintiff's commencement of this case and the Ninth Circuit's remand to this court, USCIS has taken further action both regarding plaintiff's removal and regarding the subject naturalization application.

As previously noted, removal proceedings had been initiated shortly after plaintiff filed her lawsuit in this court seeking action on her pending naturalization petition. A contested removal hearing was held on November 18, 2016. ECF No. 59-1 at 3. On May 25, 2017, an immigration judge ordered plaintiff removed. ECF Nos. 59 at 4, 59-1. Plaintiff sought reconsideration of the immigration judge's decision, and her motion was denied on November 1, 2017. ECF Nos. 59 at 4, 59-2. Plaintiff then appealed to the Board of Immigration Appeals, but the appeal was dismissed as untimely by notice sent February 1, 2018. ECF Nos. 59 at 4, 59-3 at

2-3. The Board of Immigration Appeals reversed its decision to dismiss the appeal on October 2, 2018, re-opening plaintiff's removal case. ECF No. 60 at 6.

Meanwhile, on September 8, 2015 – after this court had entered judgment and before the Ninth Circuit reversed that judgment – USCIS denied plaintiff's original Application for Naturalization. ECF No. 62 at 2 n.1. Plaintiff administratively appealed the denial, and that appeal remains pending with the agency. Id.

D. Current Status of the Case

Following remand by the Ninth Circuit, the undersigned held a status conference. ECF No. 54. The court re-opened plaintiff's motion for a permanent injunction (ECF No. 42) and plaintiff's motion for summary judgment (ECF No. 22), and set a briefing schedule for an anticipated motion to dismiss. ECF No. 56. Defendants filed a motion to dismiss on September 27, 2018, arguing that plaintiff's order of removal was final; they alternatively requested remand to USCIS for adjudication of the naturalization application. ECF No. 59 at 12. In opposition, plaintiff presented evidence that her appeal to the Board of Immigration Appeals had been re-opened, thus demonstrating that her removal order is not final. ECF No. 60 at 6. Defendants subsequently withdrew their request for dismissal and now seek only remand. ECF No. 62.

## II. STATUTORY FRAMEWORK

As amended in 1990, the Immigration and Naturalization Act vests all authority to naturalize in the Attorney General, acting through the United States Citizenship and Immigration Services ("USCIS"). 8 U.S.C. § 1421(a); Bellajaro v. Schiltgen, 378 F.3d 1042, 1045 (9th Cir. 2004); Hernandez de Anderson v. Gonzales, 497 F.3d 927, 933 (9th Cir. 2007). When an immigrant applies for citizenship, a USCIS employee conducts an investigation, examines the applicant, and makes a determination whether the application should be granted or denied. 8 U.S.C. § 1446. If the application is denied, the applicant may request a hearing before an immigration officer. § 1447(a).

The statute also provides for judicial review of denials of naturalization:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the

4

> United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

The district courts have jurisdiction over naturalization applications in one other limited situation. When USCIS fails to render a decision on an application within 120 days of the examination required by § 1446,

> the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Where application is made to the district court under this provision, the court's jurisdiction is exclusive. United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc).

Removal proceedings, on the other hand, come within the exclusive jurisdiction of the Attorney General. 8 U.S.C. § 1252(g); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999). The district courts may entertain actions to enforce constitutional rights in the deportation process, but may not generally review the merits of removal proceedings. Franco-Gonzales v. Holder, 767 F. Supp. 2d 1034, 1049 (C.D. Cal. 2010) (citing Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998)).

The relationship of ongoing removal proceedings to pending naturalization proceeding is governed by 8 U.S.C. § 1429. Section 1429 provides in pertinent part:

> Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act. The burden of proof shall be upon such person to show that he entered the United States lawfully. . . [N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act: Provided, That the findings of the Attorney General in terminating removal proceedings or in canceling the removal of an alien pursuant

5

> to the provisions of this Act, shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization as required by this title.

"The natural reading of this statute is that removal proceedings and final removal orders are to take precedence over naturalization applications." Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 970 (9th Cir. 2003). Accordingly, the pendency of a naturalization application does not defeat removability or prevent removal proceedings. Id. ("...§ 1429 allows the removal of individuals with pending naturalization applications..."). Absent certain circumstances supporting termination of the removal proceedings by the immigration judge, "the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization..." 8 C.F.R. § 1239.2(f); see Hernandez de Anderson, 497 F.3d at 933.

However, the pendency of removal proceedings does not necessarily bar judicial determination of a naturalization application pursuant to § 1447(b). The Ninth Circuit has recently clarified that the limitation imposed by § 1429 on the consideration of naturalization applications applies only to the executive branch, and that a district court exercising jurisdiction under § 1447(b) may proceed nonetheless. Yith v. Nielsen, 881 F.3d 1155, 1158, 1161-65 (9th Cir. 2018). However, both the executive branch and the district court are bound by § 1429's express prohibition of the naturalization of persons "against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest." Yith, 881 F.3d at 1161-62. The statutory reference to a warrant of arrest is construed literally. Id. at 1166. Accordingly, a district court may entertain a naturalization application pursuant to § 1447(b) notwithstanding the pendency of removal proceedings in the executive branch, but may grant naturalization only if the removal proceeding was initiated by a notice to appear and not if it was initiated by warrant of arrest. Id. at 1165-68.

### III.   MOTION FOR REMAND

Plaintiff seeks this court's adjudication of her naturalization application pursuant to 8 U.S.C. § 1447(b), on the grounds that USCIS failed to make a decision within 120 days of her

first interview. It is undisputed that USCIS failed to make a decision on plaintiff's naturalization application within the time specified by the statute, and had made no decision at the time the complaint was filed. Accordingly, under the plain terms of the statute, this court must decide whether to hear and decide the naturalization application itself, or remand the matter to the agency. See 8 U.S.C. § 1447(b); Hovsepian, 359 F.3d at 1151–52. The government argues that remand to USCIS is the most appropriate course.

As noted above, USCIS did take action on plaintiff's naturalization application after this case was filed, denying it while this case was pending on appeal in the Ninth Circuit. Although at first blush this development might suggest that this action has become moot, that is not the case. The USCIS denial of naturalization neither moots this case nor dictates remand, because the agency action was taken without jurisdiction. Once a case is filed in the district court pursuant to § 1447(b), the district court has exclusive jurisdiction and all agency proceedings regarding naturalization should be stayed. Hovsepian, 359 F.3d at 1160. As explained very clearly by the Ninth Circuit,

> [The statutory language] bestows on the district court the power to pursue either of two options. The first option is to "determine the matter." How can the court "determine the matter" if [USCIS] has the option to "determine the matter," too, and essentially force the court to accept its view? If Congress had intended for [USCIS] to retain power to make a naturalization decision even after the district court acquires jurisdiction, why would the statute expressly give the district court the option to *decide* the matter? This wording shows that Congress intended to vest power to decide languishing naturalization applications in the district court *alone*, unless the court chooses to "remand the matter" to [USCIS], with the court's instructions.

Id. Accordingly, USCIS lacked jurisdiction on September 8, 2015 when it purported to deny plaintiff's naturalization application, and that denial is therefore void. See id. at 1159, 1168.[2]

---

[2] The facts of Hovsepian are significant here. The district court had exercised jurisdiction under § 1447(b). Before it adjudicated the naturalization applications, the INS denied them. The district court nonetheless proceeded to evaluate the applications, and ultimately granted them. Accordingly, when the case reached the en banc appellate court there were contradictory naturalization orders from the district court and the INS. The Court of Appeals referred to the INS orders as "purportedly" denying naturalization. Id. at 1152, 1159. In holding that the district court's jurisdiction had been exclusive from the outset, id. at 1164, and remanding the matter to (continued….)

7

The question before this court thus remains whether to retain its exclusive jurisdiction and independently decide plaintiff's naturalization application, or remand to USCIS. Most often in these cases, remand is the appropriate course. In another Eastern District of California case, U.S. Magistrate Judge Michael J. Seng explained that the parties ultimately benefit from the agency's expertise in naturalization cases, and the problem of delay can be solved by remand with instructions for hearing within a specified timeframe. Singh v. Crawford, No. 1:13-CV-01895 MJS, 2014 WL 12778556, at *1–2 (E.D. Cal. Mar. 7, 2014).

> [Remand] is in keeping with courts' traditional deference to agency expertise. The executive branch is uniquely well-suited to determine Plaintiff's eligibility for naturalization. INS v. Orlando Ventura, 5 U.S. 12, 17 (2002) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway the law provides."). Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship.

Id. (citations omitted). Judge Seng further noted that remand generally does not strip the naturalization applicant of the right to review in district court, because following adjudication on remand, the applicant "will also have retained his right to return to this Court after a hearing before an immigration officer pursuant to 8 U.S.C. § 1421(c)." Id.

These advantages of remand are clearest when it is sought promptly upon commencement of a case in district court. A swift remand with instructions to decide the application within a specified timeframe serves the important purpose of timely resolution and maximizes the benefits of agency expertise. The advantages of remand are decidedly less clear, however, in the circumstances of this case.

First, the undersigned is disinclined to accord the traditional deference to an agency which has demonstrated its disregarded for the court's jurisdiction. Actions taken in the absence of agency jurisdiction should not be rewarded with deference.³ Moreover, remand would essentially

---

the district court for further proceedings on the naturalization applications, id. at 1168, the court necessarily found the INS's actions to have been void *ab initio*.

³ In Kuzova v. U.S. Dep't of Homeland Sec., 686 F. App'x 506, 507–08 (9th Cir. 2017), the (continued….)

8

invite the re-imposition of a decision that was improperly imposed following hearings that were conducted without jurisdiction. Cf. Hovsepian, supra (remanding naturalization decision to district court for reconsideration, notwithstanding purported denial of applications by INS during pendency of § 1447(b) proceeding).

Finally, excessive delay weighs against remand. This case is already four years old. Remand to USCIS, followed by judicial review under § 1421(c) after issuance of a final agency decision, would only add to the delay for no good purpose. Judicial review under § 1421(c) requires the same analysis and de novo factfinding as review under § 1447(b), Hovsepian, 359 F.3d at 1162, so remand would only increase the total number of hearings on plaintiff's naturalization application. Accordingly, direct adjudication of the naturalization matter in this court will be the most expeditious course. See Yith v. Nielsen, No. 1:14-cv-01875-LJO-SKO, 2018 WL 5473543, at *8 (E.D. Cal. Oct. 26, 2018) ("Defendants' suggestion that Plaintiffs are equivalently able to receive judicial review of the agency decision under 8 U.S.C. § 1421(c) would result in the unnecessary waste of judicial resources if the matter is remanded only to land back before the district court after an additional layer of administrative appeals.") Yith is similar to this case in that the district court initially dismissed for failure to state a claim in light of ongoing removal proceedings, and the Ninth Circuit reversed and remanded the naturalization question. As in Yith, the age of the case upon return to the district court militates against remand to the agency.

For these reasons, the undersigned recommends that the government's motion for remand be denied.

---

Ninth Circuit found that unauthorized action by USCIS while the case was pending in the district court under § 1447(b) did not prevent remand. The agency action taken without jurisdiction in Kuzova was administrative closure of the matter. The Court of Appeal noted that such closure was "not relevant to the district court's remand" because there was "no evidence that the government gained any tactical advantage" by administratively closing the case. The court further noted that "even if the USCIS acted improperly by administratively closing the application, any action it took would have been unenforceable" because the district court had exclusive jurisdiction while the case was pending. Id. Here, the unauthorized agency actions included an evidentiary hearing and merits determination. The situations could hardly be more different.

9

## IV. PLAINTIFF'S OUTSTANDING MOTIONS

In 2015, plaintiff filed both a motion for summary judgment (ECF No. 22) and a motion for a permanent injunction (ECF No. 42). Both motions were mooted by dismissal of the case later that year, and later revived by the Ninth Circuit's reversal of the dismissal. The court now addresses these motions.

### A. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment cannot be properly adjudicated at this juncture. The motion was originally made on March 3, 2015, under vastly different circumstances than currently prevail. ECF No. 22. Defendant's opposition to the motion, filed March 19, 2015, is woefully deficient. ECF No. 25. The opposition rests on lack of jurisdiction, id. at 3-4, a theory already rejected by the Ninth Circuit in this case. While defendants make a passing reference to the motion's prematurity and assert that the "factual question of Maxwell's eligibility for naturalization is very much in dispute," they failed to make any substantive argument regarding prematurity and did not, as required by Local Rule 260, file a statement of disputed facts. Id. In light of the important issues at stake in this case, the court declines to rule on summary judgment at this time. The motion should be denied without prejudice.

Whether summary judgment motions are an appropriate next step in merits litigation should be addressed following the district court's consideration of the recommendation to deny remand to USCIS.

### B. Plaintiff's Motion for Preliminary Injunction

Plaintiff's motion for a permanent[4] injunction was filed on June 26, 2015, and sought primarily to enjoin removal proceedings. ECF No. 42. A notice to appear had issued on December 18, 2014, directing plaintiff's appearance on July 22, 2015 in the immigration court for removal proceedings. Plaintiff sought emergency relief on grounds that she faced arrest and deportation if she failed to appear on July 22. She argued broadly that USCIS lacked authority to pursue her removal in light of this court's exclusive jurisdiction under § 1447(b). Id. As set forth

---

[4] Plaintiff describes the injunction sought as "permanent." Because she seeks a pre-judgment injunction, it is more properly characterized as a preliminary injunction.

in greater detail above, USCIS did proceed with removal proceedings during the pendency of this case. Those proceedings remain pending on appeal from a final order of removal.

As explained on the record at the November 14, 2018 hearing on this matter, the undersigned construes plaintiff's 2015 motion for injunctive relief broadly, as seeking to enjoin any future USCIS actions regarding both removal and naturalization. This is because the motion sought not only to enjoin a specific immigration court hearing, but to prevent all concurrent exercises of jurisdiction by this court and by the executive branch. See ECF No. 42 at 3. Plaintiff confirmed her agreement with this construction in open court, and the government voiced no objection.

The motion is moot as to the 2015 notice to appear, as that appearance date has long since come and gone. As to the future, the district court lacks authority to intervene in ongoing removal proceedings. Bellajaro, 378 F.3d at 1047 ("discretion to prosecute and to adjudicate removal proceedings is reposed exclusively in the Attorney General"); 8 U.S.C. § 1252(a)(2)(B) & (g). Accordingly, the motion must be denied as to ongoing removal proceedings.

Naturalization is another matter altogether. USCIS has lacked authority to take action on plaintiff's naturalization application since this court obtained exclusive jurisdiction with the filing of the complaint. See Hovsepian, 359 F.3d at 1160. The agency has demonstrated by its actions that it will not respect the district court's exclusive jurisdiction absent some action by this court. However, issuance of an injunction is unnecessary. Agency actions regarding plaintiff's naturalization taken since November 25, 2014 are legally void and unenforceable in any case. Counsel for the government represents that USCIS does not oppose an order that its 2015 decision be vacated. ECF No. 67 at 2. That should be the order of this court, and its issuance renders the motion for injunctive relief moot as to naturalization proceedings.

When the agency decision denying naturalization is vacated, the pending administrative appeal of that decision will become moot. In light of the recommendation that the government's motion for remand to USCIS be denied, it is the court's expectation that the agency will take no further action on the naturalization matter during the pendency of district court proceedings.

////

11

## V. GOVERNMENT'S DUTY TO NOTIFY THE COURT

In light of ongoing removal proceedings, and the statutory bar to naturalization posed by removal pursuant to a warrant of arrest, the United States will be ordered to notify the court within 7 days of any arrest or other developments that may have material effect on plaintiff's immigration status or the status of this case.

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that:

Defendants shall notify the court within 7 days of any developments in the removal proceedings, including plaintiff's arrest pursuant to a warrant, that may have material effect on plaintiff's immigration status or the status of this case.

Further, for all the reasons explained above, it is RECOMMENDED that:

1. Defendants' motion for remand (ECF No. 59) be DENIED;
2. Plaintiff's motion for summary judgment (ECF No. 22) be DENIED without prejudice;
3. U.S. Citizenship and Immigration Services be ordered to vacate the September 8, 2015 decision denying plaintiff's naturalization application; and
4. Plaintiff's motion for a permanent injunction (ECF No. 42) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////
////
////
////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE